## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-0430 FMO (AJWx) | Date | April 29, 2016 |
|---|---|---|---|
| Title | Unicolors, Inc. v. Brilliant Store, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Julieta Lozano | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     (In Chambers) Order to Show Cause Re: Dismissal for Lack of Prosecution

    Rule 4(m) of the Federal Rules of Civil Procedure[1] requires the summons and complaint to be served on all defendants no later than 90 days after the filing of the complaint. In this matter, the Complaint was filed on January 20, 2016.

    On March 2, 2016, plaintiff was ordered to show cause on or before March 7, 2016, why this action should not be dismissed for lack of prosecution. (See Dkt. 10, Court's Order of March 2, 2016). The court stated that the order to show cause would stand submitted upon the filing of, among other things, an application for entry of default pursuant to Rule 55(a). (See Id.). The court admonished plaintiff that the "court may dismiss the action prior to the 90 days [provided by Rule 4(m)] if plaintiff[] has[] not diligently prosecuted the action." (Id.).

    On March 7, 2016, plaintiff filed a Request to Clerk for Entry of Default. (See Dkt. 11, "Request"). However, two days later, on March 9, 2016, the Clerk issued a Notice of Deficiency with respect to the Request ("Notice"), explaining that she could not enter the requested default because of a deficient proof of service. (See Dkt. 12, Notice). The Notice further stated that plaintiff "shall file a new Request/Application with noted deficiencies corrected in order to have **default reconsidered**." (Id.) (emphasis in original).

    Plaintiff did not file a new request for entry of default correcting the deficiencies in the proof of service. Instead, on March 17, 2016, plaintiff filed a Status Report ("Status Report"), stating that plaintiff "would like to attempt settlement discussions" with defendant Brilliant Stores, Inc. ("Brilliant"). (See Dkt. 13, Status Report at ¶¶ 6-7). Plaintiff also indicated that it has identified "potential doe defendants." (Id. at ¶ 8). Based on this, plaintiff requested 30 days to "investigate whether it will amend its complaint to add the newly identified defendants and to attempt to settle this matter with regard to Defendant Brilliant." (Id. at ¶ 9).

    It has now been more than 30 days since plaintiff filed its Status Report and no activity has taken place in this case. Not only did plaintiff fail to file a new request for entry of default

---

[1] All "Rule" references are to the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-0430 FMO (AJWx) | Date | April 29, 2016 |
|---|---|---|---|
| Title | Unicolors, Inc. v. Brilliant Store, Inc., et al. | | |

correcting the deficiencies in the proof of service, it did not seek additional time to file a corrected proof of service or to properly serve Brilliant. While plaintiff indicates that it began to attempt to cure the deficiencies in the proof of service following the Notice, (see Dkt. 13, Status Report at ¶ 6), it does not indicate how, (see, generally, id.), and more importantly, why it ceased such efforts. (See, generally, id. at ¶¶ 6-7). Even if settlement discussions with Brilliant could extend the deadline for serving the complaint and summons, it would not aid plaintiff since plaintiff merely states it "would like to attempt settlement discussions" with Brilliant, not that such discussions are underway. (See, generally, id.). Thus, it appears to the court that plaintiff has not shown much diligence in prosecuting this action.[2] However, the court will provide plaintiff one final opportunity to comply with Rule 4.

Based on the foregoing, IT IS ORDERED THAT:

1. No later than **May 6, 2016**, plaintiff shall file a valid proof of service or a new application for entry of default supported by a compliant proof of service.

2. No further extensions of time will be provided. Plaintiff is admonished that failure to file a valid proof of service or new application for entry of default by the May 6, 2016, deadline shall result in the action being dismissed for lack of prosecution and failure to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 : 00 |
|---|---|
| Initials of Preparer | jloz |

---

[2] Plaintiff's apparent identification of potential Doe defendants and possible amendment of its complaint would not extend the deadline for service of the complaint and summons. "The filing of an amended complaint does not vitiate the failure to serve the original complaint within [90] days of filing it under Fed. R. Civ. P. 4(m); a party must make a diligent effort to serve the original complaint, or some amended version thereof, within [90] days of filing the original complaint." U.S. ex rel. Adams v. Wells Fargo Bank Nat. Ass'n, 2013 WL 6506732, *4 (D. Nev. 2013).